PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO RIVERA CINTRÓN, *alias* Tolín, Defendant and Appellant.

No. 7695. Argued April 10, 1939.—Decided. April 14, 1939.

The appellant appear by brief. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is an appeal from the District Court of Ponce.

When the defendant was arraigned in the court below he said he would have an attorney (*que pondría abogado defensor*), or whatever the text may mean. Nevertheless, on a petition now addressed to this Court the defendant, desiring to avail himself of the precedent established by the case In re Ramón G. Hernández Laureano, decided by this Court on the

7th of March, 1939, asks that the judgment be reversed and the case dismissed.

The Fiscal of this court agrees that the case should be reversed and sent back for further proceedings, but specifically does not agree that the information be dismissed.

The Hernández Laureano case cited above relied on the opinion of the Supreme Court of the United States in *Johnson v. Zerbst,* 304 U. S. 458. There the court, through Mr. Justice Black, said:

"It must be remembered, however, that a judgment can not be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ.

"In this case, petitioner was convicted without enjoying the assistance of counsel. Believing habeas corpus was not an available remedy, the District Court below made no findings as to waiver by petitioner. In this state of the record we deem it necessary to remand the cause. If—on remand—the District Court finds from all of the evidence that petitioner has sustained the burden of proof resting upon him and that he did not competently and intelligently waive his right to counsel, it will follow that the trial court did not have jurisdiction to proceed to judgment and conviction of petitioner, and he will therefore be entitled to have his petition granted. If petitioner fails to sustain this burden, he is not entitled to the writ.

"The cause is reversed and remanded to the District Court for action in harmony with this opinion.

"Reversed."

We are not so sure that the statement of the defendant was not a waiver, but we shall, in accordance with the opinion cited above, let the district court decide this question, and

if it has a serious doubt, to make another arraignment of the defendant.

The judgment will be reversed and the case sent back to the District Court of Ponce for further proceedings not inconsistent with this opinion.